**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

THE WINSTON BOX, LLC               :

                                 :           Civil Action No. _____

           Plaintiff,          :           **COMPLAINT**

                                 :

     -against-                :

                                 :           JURY TRIAL DEMAND

GOOD COUNSEL, INC.               :

                                 :

          Defendant.         :

-----------------------------------------------------------------X

Plaintiff The Winston Box, LLC ("Plaintiff" or "The Winston Box"), by and through its

counsel, for its Complaint against Defendant Good Counsel Inc. ("Defendant"), hereby alleges as

follows:

**NATURE OF ACTION**

1.  This is an action for unfair competition under Section 43(a) of the Lanham Act, 15

U.S.C. § 1125(a), cyberpiracy under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d), and

for substantial and related claims of common law trademark infringement, unfair competition,

deceptive trade practices and false advertising under the statutory and common laws of the State

of New York. This action arises from the Defendant's unauthorized use of the domain

www.winstonbox.com in connection with the distribution, marketing, advertising, promotion,

offering for sale, and/or sale of apparel, accessories, and related retail services for big and tall men. Plaintiff seeks injunctive and monetary relief.

## THE PARTIES, JURISDICTION AND VENUE

2. The Winston Box is a limited liability company organized and existing under the laws of the State of California.

3. Upon information and belief, Defendant Good Counsel, Inc. is a corporation organized and existing under the laws of the State of Delaware with a principal place of business located at 372 Broadway, New York, NY 10013.

4. Upon information and belief, Patience Ramsey, with title Founder, Executive Director, Marketing & Operations is an individual residing in New York, operating Good Counsel, Inc. from its principal place of business in New York.

5. This court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§1331, 1332(a) and 1338(a) and (b). This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

6. This court has personal jurisdiction over Defendant because Defendant's principal place of business is located in this district and Defendant engages in continuous and systematic business activities in this district.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and because a substantial part of the events or omissions giving rise to the claim occurred, and a substantial part of the actions and wrongful conduct underlying these claims occurred in this District.

## FACTS

8. The Winston Box offers apparel, accessories, related retail store services and styling

2

services for big and tall men under the THE WINSTON BOX marks. The Winston Box offers its goods and services to consumers primarily through a monthly subscription model but also offers general retail store services.

9. The Winston Box has used the THE WINSTON BOX mark in commerce throughout the United States extensively and continuously since 2016 in connection with the manufacture, distribution, provision, offering for sale, sale, marketing, advertising and promotion of apparel, accessories, related retail store services, and styling services. The Plaintiff's goods and services are offered primarily through its website at the www.thewinstonbox.com domain.

10. Plaintiff has provided its goods and services to a substantial number of consumers in the State of New York.

11. As a result of its widespread, continuous, and exclusive use of the THE WINSTON BOX mark to identify its apparel, accessories, retail store services, and styling services and Plaintiff as their source, Plaintiff owns valid and subsisting rights to the THE WINSTON BOX mark.

12. Plaintiff's THE WINSTON BOX mark is inherently distinctive to both the consuming public and Plaintiff's trade.

13. Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting the apparel, accessories, retail store services, and styling services sold under the THE WINSTON BOX mark.

14. As a result of Plaintiff's expenditures and efforts, the THE WINSTON BOX mark has acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

15. Upon information and belief, Defendant offers apparel and related accessories, and

3

operates an online retail clothing store for big and tall men through a website with the domain www.goodcounsel.com. Upon information and belief, from its inception in 2016 through July 26, 2018 Defendant did not provide these goods and services as a subscription model.

16. On July 26, 2018 Plaintiff reached out to Defendant's Founder and CEO Patience Ramsey by email to set up a time for a call to discuss opportunities for collaboration.

17. On or about July 31, 2018, Plaintiff and Defendant had a telephone call where they discussed opportunities for collaboration. During the call, Plaintiff discussed its business model, metrics, and other confidential business information.

18. Upon information and belief, on January 18, 2019 Defendant purchased the domain www.winstonbox.com. In or about January 2019, Defendant used www.winstonbox.com ("Infringing Mark") in commerce to redirect to Defendant's website.

19. Upon information and belief, and without Plaintiff's authorization, in or about January 2019 Defendant changed its business model primarily to a subscription model.

20. Upon information and belief, in or about January 2019 Defendant updated its website to include a similar look and feel to that of the Plaintiff's website at www.thewinstonbox.com.

21. The Infringing Mark adopted and used by Defendant is confusingly similar to Plaintiff's THE WINSTON BOX mark. The Infringing Mark creates the same, continuing commercial impression and is the legal equivalent of the Plaintiff's THE WINSTON BOX mark.

22. Upon information and belief, Defendant distributes, markets, advertises, promotes, offers to sell, and sells its apparel and related accessories and online retail clothing store services for big and tall men under the Infringing Mark through the use of the domain www.winstonbox.com.

23. Upon information and belief, through its use in commerce of the www.wintsonbox.com

4

domain, Defendant maliciously and willfully sought to profit from the goodwill associated with Plaintiff's mark by attempting to confuse and mislead consumers seeking Plaintiff's goods and services into believing that they reached Plaintiff's goods and services, when in fact they reached Defendant's goods and services.

24. On August 21, 2020, Plaintiff's counsel sent a cease and desist letter to Defendant objecting to Defendant's use of the Infringing Mark. Defendant did not respond.

25. On August 31, 2020 Plaintiff's counsel followed up with Defendant regarding the cease and desist letter.

26. On September 1, Defendant's counsel reached out to Plaintiff's counsel stating that all future correspondence should be directed to them. Plaintiff received no response to the substance of its cease and desist letter.

27. On September 29, 2020 Plaintiff's counsel sent Defendant's counsel a copy of this Complaint notifying Defendant that it will be filed if no response is received by October 1, 2020.

28. Defendant's infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Defendant's apparel, accessories and online retail clothing store services and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendant's apparel, accessories and online retail clothing store services originate from, are associated or affiliated with, or otherwise authorized by Plaintiff.

29. Upon information and belief, Defendant's acts are willful with the deliberate intent to trade on the goodwill of Plaintiff's THE WINSTON BOX mark, cause confusion and deception in the marketplace, and divert potential sales of Plaintiff's apparel, accessories and online retail store services to the Defendant.

30. Defendant's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

## FIRST CAUSE OF ACTION
*Federal Unfair Competition*
*15 U.S.C. § 1125(a)*

31. Plaintiff repeats and realleges and incorporates each and every allegation contained in the paragraphs above with the same force and effect as if said allegations were fully set forth herein.

32. Defendant's unauthorized use in commerce of the Infringing Mark alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's clothing, apparel and online retail services and is likely to cause consumers to believe, contrary to fact, that Defendant's clothing apparel and online retail services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant was in some way affiliated with or sponsored by Plaintiff.

33. Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein misrepresents the nature, characteristics, qualities of its goods, services, or commercial activities,

34. Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

35. Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

36. Defendant's conduct as alleged herein has caused and, unless enjoined by this Court, will continue to cause Plaintiff to suffer irreparable harm.

37. Plaintiff has no remedy at law and is entitled to and seeks, among other relief, injunctive relief and an award of actual damages, Defendant's profits, reasonable attorneys' fees, and costs of the action pursuant to15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## SECOND CAUSE OF ACTION
### *Cyberpiracy*
### *15 U.S.C. § 1125(d)*

38. Plaintiff realleges and incorporates each and every allegation contained in the paragraphs above with the same force and effect as if said allegations were fully set forth herein.

39. Defendant's owns valid and subsisting rights to the THE WINSTON BOX mark through its continuous use of the mark in commerce extensively throughout the United States since 2016.

40. Defendant registered and used the domain www.wintsonbox.com in relation to its website offering apparel, accessories, and related retail store services. The www.winstonbox.com domain is confusingly similar and legally identical to the THE WINSTON BOX mark.

41. Defendant's THE WINSTON BOX mark is inherently distinctive and was inherently distinctive at the time of registration of the www.winstonbox.com domain by Defendant.

42. Defendant registered and used the www.winstonbox.com domain with a bad faith intent to profit from Plaintiff's THE WINSTON BOX mark, in violation of 15 U.S.C. § 1125(d).

43. As a result of Defendants' registration and use of the confusingly similar www.winstonbox.com domain, Plaintiff has suffered irreparable harm and damage. Plaintiff has no adequate remedy at law.

44. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual

damages or statutory damages of up to $100,000 per domain, Defendant's profits, reasonable attorneys' fees, and costs of the action pursuant to 15 U.S.C. 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## THIRD CAUSE OF ACTION
*New York Common Law Trademark Infringement*

45. Plaintiff realleges and incorporates each and every allegation contained in the paragraphs above with the same force and effect as if said allegations were fully set forth herein.

46.  Defendant owns valid, enforceable and subsisting common law trademark rights in the THE WINSTON BOX mark in New York and throughout the United States.

47. Defendant's bad faith use in commerce of the confusingly similar and legally equivalent Infringing Mark as alleged herein is likely to cause confusion, mistake, and/or deception.

48. Defendant, through the conduct and violations described herein, have engaged in trademark infringement under New York State common law.

49. As a direct result of Defendant's unlawful actions, Plaintiff is entitled to relief as set forth below.

## FOURTH CAUSE OF ACTION
*Common Law Unfair Competition*

50. Plaintiff realleges and incorporates each and every allegation contained in the paragraphs above with the same force and effect as if said allegations were fully set forth herein.

51.  Defendant's use in commerce of the Infringing Mark is likely to (i) cause confusion, mistake and/or deception, (ii) give the false and misleading impression that the goods and services offered or sold by Defendant and plaintiff originate from or are under the control of a single source, or are endorsed by the Plaintiff, or  (iii) give the false and misleading impression

that Defendant is in some way associated with or connected to Plaintiff, or (iv) lead to the passing off of Defendant's product, in violation of New York unfair competition laws.

52. As a direct result of Defendant's unlawful actions, Plaintiff is entitled to relief as set forth below.

## FIFTH CAUSE OF ACTION
*Violation of the New York Consumer Protection Act*
*NY Gen. Bus. Law §§349-350*

53. Plaintiff realleges and incorporates each and every allegation contained in the paragraphs above with the same force and effect as if said allegations were fully set forth herein.

54. Defendants' use of Infringing Mark constitutes deceptive trade practices that tends to deceive or mislead consumers and the trade in violation of the New York Consumer Protection Act, New York Gen. Bus. Law § 349-350.

55.  Defendants have engaged in consumer-oriented conduct that has affected the public interest of New York and has resulted in injury to consumers in New York.

56. Defendant's use of the Infringing Mark as described herein is materially misleading. Such acts or practices have deceived or have a tendency to deceive a material segment of the public to whom Defendant has directed their marketing activities, and Plaintiff has been injured thereby.

57. By the acts described above, Defendant has willfully engaged in deceptive acts or practices in the conduct of business and furnishing of services in violation of Section 349 and 350 of the New York General Business Law.

58. Defendant's acts have caused, and will continue to cause, irreparable injury and damage to Plaintiff.

59. Plaintiff has no adequate remedy at law and is entitled to relief as set forth below.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment against Defendant as follows:

1. Granting a permanent injunction enjoining the Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

a. selling, offering to sell, marketing, advertising, promoting, or authorizing any third party to sell, offer to sell, market, advertise or promote apparel, accessories and related retail store services bearing the Infringing Mark or any other mark that is a copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's THE WINSTON BOX mark;

b. engaging in any activity that infringes Plaintiff's rights in its THE WINSTON BOX mark;

c. engaging in any activity constituting unfair competition with Plaintiff;

e. making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendant's goods and services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or (ii) Plaintiff's goods and services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendant;

f. using or authorizing any third party to use in connection with any business, goods, or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, that falsely associate such business, goods and/or services with Plaintiff or tend to do so;

g. registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the mark THE WINSTON BOX or any other mark that infringes or is likely to be confused with Plaintiff's THE WINSTON BOX mark, or any goods or services of Plaintiff, or Plaintiff as their source; and

h. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (g).

2. Directing that Defendant to immediately deliver up ownership of the www.winstonbox.com domain to the Plaintiff.

3. Directing, pursuant to 15 U.S.C. § 1116(a), Defendant to file with the court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendant of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith.

4. Directing that Defendant account to and pay over to Plaintiff all profits realized by its wrongful acts.

12. Awarding Plaintiff actual damages or statutory damages where appropriate at Plaintiff's election.

11

13. Awarding Plaintiff punitive and exemplary damages as the court finds appropriate to deter any future willful infringement.

14. Declaring that this is an exceptional case pursuant to 15 U.S.C. § 1117(a)) and awarding Plaintiff its costs and reasonable attorneys' fees thereunder.

15. Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

16. Awarding such other and further relief as the Court deems just and proper

Dated: October 5, 2020                          Respectfully Submitted,

GRANT ATTORNEYS AT LAW PLLC


By: _____

Kristin Grant (KG0303)
40 Exchange Pl, Suite 1306
New York, NY 10005
T: 212-520-7881
F: 212-520-7883
E: Kgrant@grantipattorneys.com
*Attorneys for Plaintiff*